IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *

GEORGE E. ROSS
                                    *
        Plaintiff,
                                    *
v.                                          CIVIL NO.: WDQ-05-1092
                                    *
JOHN E. POTTER, Postmaster
General,                            *

        Defendant.                  *

                                    *

*       *       *       *       *       *       *       *       *       *       *       *       *

MEMORANDUM OPINION

George E. Ross, *pro se*, has sued John E. Potter, Postmaster
General of the United States Postal Service (the "Postal
Service"), for wrongful termination and disability discrimination
in violation of § 504(a) of the Rehabilitation Act of 1973, as
amended (the "Rehabilitation Act").  Pending is the Postal
Service's unopposed motion to dismiss, or, in the alternative,
for summary judgment.  For the following reasons, the motion for
summary judgment will be granted.


I.  Background

A.  Facts

    Ross worked as a City Letter Carrier for the United States
Postal Service from October 29, 1994, until his termination on
April 18, 2003.  Def.'s Mem. in Supp. of Def.'s Mot. 1 ("Def.'s

Mem."). At the time of his termination, Ross's duty location was the Takoma Park Delivery Unit ("Takoma Park"), in Takoma Park, Maryland. *Id.* at 2. In early February 2003, Ross's manager at Takoma Park discovered that, on at least 34 occasions since Ross's assignment to that duty location in April 2002, Ross had used a time clock at a different duty location to record an arrival time that was earlier than his actual arrival at Takoma Park. *Id.* Ross was placed on emergency off-duty status, and a pre-disciplinary review was conducted by his manager on February 10. *Id.* at 3. On March 12, Ross was issued a Notice of Proposed Removal for "Unsatisfactory Work Performance/Falsification of Time." *Id.* On April 18, 2003, the Postmaster of Silver Spring, Maryland, issued a Letter of Decision removing Ross from the Postal Service. *Id.*

B. Procedural History

On April 7, 2003, Ross filed a equal-employment-opportunity ("EEO") complaint with the Postal Service's Office of Equal Employment Opportunity Compliance and Appeals (the "EEO Complaint"), alleging employment discrimination based on his race (African-American), disability (patellar tendinitis[1]), and in

---

[1] Patellar tendinitis, also known as "jumper's knee," is described as a an injury caused by repeated stress on the patellar tendon, which connects the kneecap (patella) to the shinbone (tibia). Mayo Clinic Staff, *Patellar tendinitis*, http://www.mayoclinic.com/health/patellar-tendinitis/DS00625,

retaliation for prior EEO complaints. *Id*. at 3-4.  After not

receiving a final decision within 120 days of filing his EEO

Complaint, Ross filed an appeal with the Merit Systems Protection

Board ("MSPB")[2] on August 18, and the Postal Service dismissed

the pending EEO Complaint pursuant to 29 C.F.R. §

1616.107(a)(4).[3]  *Id*. at 4-5.

At his appeal before an MSPB administrative judge on October

29, Ross argued that: (1) his termination was unreasonable; (2)

the Postal Service discriminated against him because of his

disability;[4] (3) he was the victim of retaliation for filing two

previous EEO complaints; and (4) the Postal Service committed

_____

(last visited Dec. 11, 2006).

   [2] "The [MSPB] is an independent Government agency that
operates like a court.  The [MSPB] was created to ensure that all
Federal government agencies follow Federal merit systems
practices.  The Board does this by adjudicating Federal employee
appeals of agency personnel actions, and by conducting special
reviews and studies of Federal merit systems."  5 C.F.R. §
1200.1.
   If a federal employee alleges in a formal complaint to a
government agency that a personnel action was based, in whole or
in part, on prohibited discrimination, and the agency has not
resolved the matter or issued a final decision on the complaint
within 120 calendar days, the appellant may appeal the matter
directly to the MSPB at any time thereafter.  5 C.F.R. §
1201.154.

   [3] 29 C.F.R. § 1614.107(a)(4) provides that a government
agency shall dismiss a complaint alleging prohibited employment
discrimination when the complainant has raised the matter in an
appeal to the MSPB.

   [4] Ross withdrew his race discrimination claims before the
hearing.  *Id*. Ex. 3 at 5.

3

harmful error in relying on prior disciplinary actions that
should have been removed from Ross's personnel files.  *Id*. at 5,
Ex. 3 at 5, 13 (*Ross v. United States Postal Service*, MSPB No.
DC-0752-03-0489-1-2 (Dec. 18, 2003) (the "MSPB Decision")).

On December 18, the administrative judge sustained the
Postal Service's actions, finding that: (1) Ross's removal was a
reasonable penalty for falsifying time records; (2) Ross had
produced no evidence that he was an "individual with a
disability" under the Rehabilitation Act; (3) there was no casual
connection between Ross's prior EEO activity and his removal; and
(4) Ross failed to show that five of the nine prior disciplinary
actions cited in his Notice of Proposed Removal should not have
been considered.  MSPB Decision 13-20.

On January 20, 2004, Ross filed a Petition for Review with
the MSPB, and on January 11, 2005, the MSPB issued a Final Order
dismissing the Petition for Review, having found that Ross had
presented no new previously unavailable evidence, and the
administrative judge made no error that would have affected the
outcome of the appeal.  *Id*. at 6-7, Ex. 5 at 1.  On February 20,
Ross appealed the MSPB's decision on his discrimination and
retaliation claims to the Equal Employment Opportunity
Commission's ("EEOC") Office of Federal Operations, which upheld
the MSPB's Final Order and issued a finding of no discrimination
on March 25, 2005.  *Id*. at 7, Ex. 7.

On April 21, 2005, Ross sued the Postal Service, claiming: (1) wrongful termination; and (2) disability discrimination based on his patellar tendinitis.  The Court dismissed the case on January 26, 2006 for Ross's failure to supplement his complaint with a copy of the EEOC's right-to-sue letter, but subsequently granted Ross's motion to re-open the case on April 13 when he submitted a copy of the EEOC's March 25, 2005 decision.

On August 17, 2006, the Postal Service filed the pending motion.  On September 20, the Court denied Ross's motion to appoint counsel and granted him 30 days to file an opposition. On October 26, the Court again extended the time for Ross to file to November 31.  As of December 13, Ross has failed to respond.

II.  Discussion

A.  The Wrongful-Termination Claim

Ross claims that his termination from employment for falsifying time records was "too harsh and unjust."  His Complaint alleges that the MSPB administrative judge permitted the Postal Service to use "old time records" to support its removal decision and did not allow Ross to present witnesses to support his claims.  Compl. ¶ 2.

1.  Standard of Review

    In reviewing a decision by the MSPB on a non-discrimination claim:

> the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c).  "[T]he arbitrary and capricious standard is extremely narrow, and allows the [MSPB] wide latitude in fulfilling its obligation to review agency disciplinary actions. It is not for the [court] to substitute its own judgment for that of the [MSPB]."  *U.S. Postal Service v. Gregory,* 534 U.S. 1, 7 (2001).

    "Although ostensibly applicable only to appeals in the Federal Circuit, [5 U.S.C. §] 7703(c) also prescribes the proper standard of review in federal district court for non-discrimination claims that are coupled with discrimination claims in so-called 'mixed' cases."  *Johnson v. Burnley,* 887 F.2d 471, 474 (4th Cir. 1989) *reh'g in banc granted, opinion vacated on other grounds*, 887 F.2d at 471.  Although the district court reviews the discrimination claim *de novo*, the non-discrimination claim is reviewed on the administrative record.  *Id.*

2.  Analysis

The Postal Service contends that the reasonableness of
Ross's removal was fully litigated before the MSPB, and the
administrative judge's decision was based on a thorough review
and supported by substantial evidence.  Def.'s Mem. 11-12.  Ross
has not responded to argue to the contrary.

The administrative judge followed the applicable law, which
provides that a government agency's decision to remove an
employee must: (1) be supported by a preponderance of the
evidence (5 U.S.C. § 7701(c)(1)); (2) promote the efficiency of
the service (5 U.S.C. § 7513); and (3) be reasonably appropriate
under the circumstances (*Douglas v. Veterans Admin.*, 5 M.S.P.R.
280, 302-03 (1981)).  MSPB Decision 5.

The administrative judge found that the decision for removal
was supported by a preponderance of the evidence, as Ross
admitted 19 of the alleged 34 instances of falsifying time
records.  MSPB Decision 13.  There was also "a sufficient nexus
between the appellant's actions--his falsification of time and
attendance records resulting in the receipt of pay to which he
was not entitled--and the efficiency of the service" to justify
an adverse employment action.  MSPB Decision 15; *see Phillips v.
Bergland*, 586 F.2d 1007, 1011 (4th Cir. 1978) (finding an obvious
nexus between the falsification of work records and the
efficiency of the civil service).

7

The administrative judge further found that the penalty of termination was reasonably appropriate because Ross's conduct was intentional, repeated, went "to the core of his responsibilities and caused the [Postal Service] to lose trust in him."  MSPB Decision 30.  Removal was further justified because Ross's prior misconduct, for which he had received letters of warning, indicated that he was a poor candidate for rehabilitation.  *Id*.

The Court finds that the administrative judge's decision was procedurally sound, well-reasoned, and supported by the law and administrative record.  Accordingly, the MSPB's determination that Ross's removal was appropriate will be affirmed.


B.  The Disability-Discrimination Claim

Ross also claims that the Postal Service subjected him to unlawful discrimination because of his patellar tendinitis, in violation of § 504(a) of the Rehabilitation Act, codified as 29 U.S.C. § 794(a).  The Postal Service argues that Ross has failed to establish a *prima facie* case of disability-discrimination because he has not demonstrated that he is a "qualified individual with a disability," under the Rehabilitation Act.  29 U.S.C. § 794(a).

1.   Standard of Review

a.   Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Only "facts that might affect the outcome of the suit under the governing law" are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Id*. at 257.  The mere existence of a "scintilla" of evidence is insufficient.  *Id*. at 252.  If the non-moving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to a judgment as a matter of law. *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

b.   Unlawful Discrimination under the Rehabilitation Act

29 U.S.C. § 794(a) provides in part:

No otherwise qualified *individual with a disability* in the United States, as defined in section 705(20) of this title,

9

shall, solely by reason of her or his disability, be
excluded from the participation in, be denied the benefits
of, or be subjected to discrimination . . . by the United
States Postal Service.

29 U.S.C. § 794 (emphasis added).  For the purpose of § 795, 29
U.S.C. § 705(20) defines the term "individual with a disability"
as:

> any person who--
> (i) has a physical or mental *impairment which substantially*
> *limits one or more of such person's major life activities;*
> (ii) has a record of such an impairment; or
> (iii) is regarded as having such an impairment.

29 U.S.C. § 705 (emphasis added).

To establish a *prima facie* case of wrongful termination
under the Rehabilitation Act, a plaintiff must show that: (1) he
is a "qualified individual with a disability;" (2) he was
discharged; (3) at the time of his discharge, he was performing
the job at a level that met his employer's legitimate
expectations; and (4) his discharge occurred under circumstances
that raise a reasonable inference of unlawful discrimination.
*See Haulbrook v. Michelin N. Am.,* 252 F.3d 696, 702 (4th Cir.
2001) (stating the elements of *prima facie* wrongful discharge
case under the Americans with Disabilities Act of 1990, 42 U.S.C.
§§ 12101-12300 (the "ADA")); *Rohan v. Networks Presentations LLC*,
375 F.3d 266, 273 n.9 (4th Cir. 2004) (plaintiff is within the
protected class if he is a "qualified individual with a
disability"); *Myers v. Hose,* 50 F.3d 278, 281 (4th Cir.

1995)("whether suit is filed against a federally-funded entity under the Rehabilitation Act or against a private employer under the ADA, the substantive standards for determining liability are the same").

2.  Analysis

As Ross has produced no evidence that his alleged disability of patellar tendinitis is an "impairment which substantially limits one or more of [his] major life activities," he has failed to establish an essential element of his claim under the Rehabilitation Act.  29 U.S.C. §§ 705, 794.  Accordingly, summary judgment is appropriate, and will be granted.  *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

III.  Conclusion

For the reasons stated above, Ross's removal from the Postal Service will be affirmed, and the Postal Service's motion for summary judgment on Ross's disability-discrimination claim will be granted.

December 13, 2006                      _____/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge

11